WR-84,299-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/21/2015 11:45:54 AM
Accepted 12/21/2015 1:08:18 PM
ABEL ACOSTA
CLERK

**IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AUSTIN, TEXAS**

RECEIVED
COURT OF CRIMINAL APPEALS
12/21/2015
ABEL ACOSTA, CLERK

| | | |
|---|---|---|
| **EX PARTE** | § | |
| | § | |
| | § | **WR-84,299-01** |
| | § | |
| **RICHARD FREDRICK LOWREY** | § | |

**No. B-09-1028-SA-W-1**

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE 119TH DISTRICT** |
| | § | |
| | § | **COURT** |
| | § | |
| **RICHARD FREDRICK LOWREY** | § | **TOM GREEN COUNTY, TEXAS** |

**NOTICE OF FILING**

COMES NOW, Applicant, Richard Fredrick Lowrey, and files the following *Supplemental Application for Writ of Habeas Corpus* as a courtesy copy for this Court's consideration. The original was filed with the convicting court on December 21, 2015.

Respectfully submitted,

**Hurley, Guinn & Sellers**

Frank Sellers
   Texas Bar No. 24080305
   *frank@hurleyguinn.com*
Daniel W. Hurley
   Texas Bar No. 10310200
   *dwh@hurleyguinn.com*
1805 13th Street
Lubbock, Texas 79401
P: (806) 771-0700
F: (806) 763-8199

**Law Office of Allison Clayton**

  /s/ Allison Clayton
Allison Clayton
State Bar No. 24059587
Allison@AllisonClaytonLaw.com
P.O. Box 64752
Lubbock, Texas 79464-4752
P: (806) 773-6889
F: (806) 688-4515

ATTORNEYS FOR APPLICANT

Case No. *B-09-1028-SA-W-1*
_____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Richard Fredrick Lowrey

DATE OF BIRTH: 03-25-1972

PLACE OF CONFINEMENT: Clarence N. Stevenson Unit - TDCJ

TDCJ-CID NUMBER: 01680120            SID NUMBER: 07628560

(1)     This application concerns (check all that apply):

☑ a conviction                 ☐ parole

☑ a sentence                   ☐ mandatory supervision

☐ time credit                  ☐ out-of-time appeal or petition for discretionary review

(2)     **What district court entered the judgment of the conviction you want relief from?** (Include the court number and county.)

119th Judicial District of Tom Green County

(3)     **What was the case number in the trial court?**

B-09-1028-SA

(4)     **What was the name of the trial judge?**

Honorable Ben Woodward

Effective: January 1, 2014                 1

**(5)** Were you represented by counsel? If yes, provide the attorney's name:

John Sutton

**(6)** What was the date that the judgment was entered?

July 21, 2010

**(7)** For what offense were you convicted and what was the sentence?

Injury to a Child Causing Serious Mental Deficiency, Impairment, or Injury; 35 years.

**(8)** If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

n/a

**(9)** What was the plea you entered? (Check one.)

☐ guilty-open plea  ☐ guilty-plea bargain

☑ not guilty  ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

**(10)** What kind of trial did you have?

☑ no jury

☐ jury for guilt and punishment
☐ jury for guilt, judge for punishment

**(11)** Did you testify at trial? If yes, at what phase of the trial did you testify?

Yes, at the guilt-innocence stage only.

**(12)** Did you appeal from the judgment of conviction?

☑ yes                    ☐ no

If you did appeal, answer the following questions:

**(A)** What court of appeals did you appeal to?    Third Judicial District Austin, TX

**(B)** What was the case number?    03-10-0069-CR

**(C)** Were you represented by counsel on appeal? If yes, provide the attorney's name:

Nathan Butler, and Frank Sellers

**(D)** What was the decision and the date of the decision?    Affirmed, 08/03/2012

**(13)** Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                    ☑ no

If you did file a petition for discretionary review, answer the following questions:

**(A)** What was the case number?    _____

**(B)** What was the decision and the date of the decision?    _____

**(14)** Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☑ yes                    ☐ no

If you answered yes, answer the following questions:

**(A)** What was the Court of Criminal Appeals' writ number?    WR-84,299-01

3

**(B)** **What was the decision and the date of the decision?** <u>Still pending</u>

**(C)** **Please identify the reason that the current claims were not presented and could not have been presented on your previous application.**

<u>The application is still pending. Based on additional evidence submitted by</u>

<u>the State and the trial court's findings, Applicant files this application to clarify</u>

<u>and expand upon his original and first amended writ applications.</u>

---

**(15)** **Do you currently have any petition or appeal pending in any other state or federal court?**

☐ yes  ☑ no

**If you answered yes, please provide the name of the court and the case number:**

---

**(16)** **If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)**

☐ yes  ☐ no

**If you answered yes, answer the following questions:**

**(A)** **What date did you present the claim?** _____

**(B)** **Did you receive a decision and, if yes, what was the date of the decision?**

---

**If you answered no, please explain why you have not submitted your claim:**

4

_____

_____

_____

_____

_____

(17)  Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

**GROUND ONE:**

Lowrey's trial counsel, John Sutton, was ineffective at the guilt-innocence stage of his trial

(Supplemental claims)

**FACTS SUPPORTING GROUND ONE:**

1) John Sutton was ineffective for failing to challenge the State's pediatrician experts at trial.

As pediatricians, those experts were unqualified to interpret the two MRIs of

Dillon Curry's brain—the only medical evidence which could definitively show brain injury.

Sutton should have objected, requested a hearing, and forced the State to bring a competent

expert to testify. Further, the trial testimony was irrelevant and unreliable. Tex. R. Evid. 702.

2) Sutton was ineffective for failing to subpoena Dillon Curry's complete medical records,

including but not limited to the two MRIs mentioned above, when he was, or should have been,

aware they existed. At the very least, he failed to exercise reasonable diligence to obtain them.

3) Sutton was ineffective for failing to file a 404(b) motion or make an objection under the same

rule, and Rule 403, for all of the other "prior incidents" the State was permitted to elicit at trial.

4) John Sutton was ineffective for advising Applicant to waive his constitutional right to a jury

trial without ever understanding the complicated medical evidence at issue or ever

consulting the proper expert (a neuroscientist) before advising Applicant to waive this right.

6

**GROUND TWO:**

Applicant received ineffective assistance of counsel on direct appeal by his initial appellate

attorney, Nathan Butler, who also represented him at the motion for new trial.

**FACTS SUPPORTING GROUND TWO:**

Appellate counsel was ineffective in failing to challenge the trial court's erroneous ruling on

Mr. Lowrey's motion for new trial. Mr. Lowrey's trial attorney failed to present evidence in

support of Mr. Lowrey's defense and evidence in mitigation of punishment. At a hearing on a

motion for new trial, appellate counsel produced the previously uncalled witnesses and

established the volume and persuasiveness of their testimony. The trial court denied the motion

for new trial, in large part because Mr. Butler failed to subpoena or call Mr. Lowrey's trial

counsel, John Sutton. The trial court further ruled, erroneously, that the witnesses' testimony did

not undermine confidence in the outcome. Mr. Butler failed to challenge the trial court's ruling

on appeal.

8

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

   This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

   The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

   A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF Lubbock

  Frank Sellers       , being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

                _____
                Signature of Applicant / Petitioner (circle one)

                TBN: 24080305

SUBSCRIBED AND SWORN TO BEFORE ME THIS 21 DAY OF Dec. , 20 15 .

                _____
                Signature of Notary Public

MARINA MEDRANO
MY COMMISSION EXPIRES
February 14, 2017

## PETITIONER'S INFORMATION

Petitioner's printed name: Frank Sellers

State bar number, if applicable: 24080305

Address: 1805 13th Street

Lubbock, Texas 79401

Telephone: 806-771-0700

Fax: 806-763-8199

## INMATE'S DECLARATION

I, Richard Fredrick Lowrey , am the applicant / petitioner (circle one) and being presently incarcerated in Clarence N. Stevenson Unit - TDCJ , declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on Dec. 21 , 20 15 .

_____
Signature of Applicant / Petitioner (circle one)

17

**PETITIONER'S INFORMATION**

Petitioner's printed name: Frank Sellers (TBN: 24080305)

Address: Hurley, Guinn & Sellers

1805 13th Street

Lubbock, TX 79401

Telephone: 806-771-0700

Fax: 806-763-8199

Signed on December 17 , 20 15 .

_____
Signature of Petitioner

18